United States District Court
Southern District of Texas
**ENTERED**
April 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-020 |
| | § | |
| SAN BENITO CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Jack Garcia filed this civil rights action against Defendant San Benito Consolidated Independent School District, alleging that he was wrongfully fired. Garcia alleges that SBCISD violated his First Amendment rights by retaliating against him for engaging in political speech in support of his aunt's campaign for the school board, for his association with his aunt, and for seeking redress of grievances. (Complaint, Doc. 1, 14) SBCISD moves for summary judgment as to all claims. (Motion, Doc. 30)

A Magistrate Judge recommends granting SBCISD's Motion in full. (R&R, Doc. 41) As Garcia has filed timely objections (Objs., Doc. 42), the Court reviews the challenged portions of the Report and Recommendation *de novo* and all other portions for plain error. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

I.  **Analysis of Objections**

Garcia raises three objections, arguing that the Report and Recommendation wrongfully concludes that: (1) the Complaint does not include a freedom of association claim based on familial association; (2) Garcia failed to create a question of fact on causation as to his claim for retaliation based on his political speech and political association; and (3) Garcia did not present a viable cause of action based on his "right to be apolitical."

### A. Familial Association

The Report and Recommendation concludes that as to Garcia's cause of action premised on his right to freedom of association, he alleges only a claim based on political association, and not one based on familial association. (R&R, Doc. 41) Based on the only reasonable construction of the Complaint, the Court agrees.

Garcia contends otherwise, noting that his Complaint "make[s] repeated references to the familial relationship between Plaintiff and his aunt [sufficient to] give Defendant notice of Plaintiff's freedom of association claim, not just on political grounds but familial as well." (Objs., Doc. 42, 6)[1] His Complaint, however, does not support this characterization. In his cause of action for "Political Retaliation", Garcia references "political activities" and "protected speech and political association". This paragraph makes no mention of "familial association" or anything along those lines. While his factual allegations include references to his aunt, Mary Lou Garcia, he does not reference this familial association as a basis for the alleged political retaliation within his causes of action. On the contrary, the only viable construction of his Complaint is that his claim for "*Political* Retaliation" gives notice solely of Garcia's allegation that SBCISD retaliated against him based on his *political* activities in support of candidate Mary Lou Garcia, and not based on her being his aunt. Garcia effectively requests that the Court read into his Complaint a new cause of action. The Court declines to do so.

### B. Causation

Garcia contends that the Report and Recommendation erroneously finds that no competent summary judgment evidence demonstrates that an SBCISD decision maker knew of Garcia's political speech or political association with his aunt. (Objs., Doc. 42, 6–9) Based on this

---

[1] Garcia also relies on statements within his response to the Motion for Summary Judgment. (Objs., Doc. 42, 5 (citing Response, Doc. 35, 1)) The Court, however, focuses on the causes of action that Garcia pled within his Complaint, and not on a claim that he seeks to raise for the first time within a response to a motion for summary judgment. *See, e.g., Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).

finding, the Report and Recommendation concludes that Garcia cannot prove the element of causation.

The parties agree that to establish causation in a retaliation claim for either political activity or political association, a plaintiff "must first show that the decision maker was aware of the protected activity." *McLaurin v. City of Jackson Fire Dept.*, 217 F. App'x 287, 288 (5th Cir. 2006); *see also Lindberg v. Bossier Parish Ambulance Serv. Dept.*, 402 F. App'x 898, 901 (5th Cir. 2010). In support of his objection, Garcia points to the same evidence that he presented to the Magistrate Judge. As examples, he highlights that the board president made statements indicating he disliked both Garcia and his aunt, and to a conclusory statement in an affidavit from his attorney during the grievance process. (Objs., Doc. 42, 7; Servellon Dep., Doc. 35-22, 4–6) The Report and Recommendation correctly finds that Garcia's summary judgment evidence does not suggest any awareness on the part of an SBCISD decision maker of Garcia's political activity in support of his aunt's campaign. Unable to demonstrate such an awareness on the part of a decision maker, Garcia fails to create a genuine dispute of material fact as to causation for both his political activity and political association claims.

C.  **Political Patronage**

As to his third objection, Garcia argues that the Report and Recommendation "ignores [his] right to be apolitical." (Objs., Doc. 42, 9) Again, Garcia's position lacks merit.

As an initial matter, and contrary to Garcia's assertion, the Report and Recommendation addresses this issue, noting Garcia's argument that "he was retaliated against because he was not an open supporter of Lopez and his faction." (R&R, Doc. 41, 23) The Report and Recommendation then correctly concludes that no competent summary judgment establishes that any SBCISD decision maker "was aware of Garcia's political affiliations *(or lack therof)* during the 2017 SBCISD elections." (*Id.* (emphasis added)) In other words, Garcia offers no evidence suggesting that SBCISD took adverse action against him based on his political activities or the absence of such political activities.

In any event, the Court notes that Garcia's Complaint includes no such cause of action. Garcia argues that evidence supports his claim "that he has a right not to openly support the board political majority." (Objs., Doc. 42, 11)  But in his Complaint, he does not allege that SBCISD terminated him because he remained silent during the election cycle and failed to openly support the board majority or the board president specifically.  Rather, he alleges that SBCISD retaliated against him for his affirmative political activity and political association.  And the summary judgment evidence that he submits focuses on his active political activity in support of candidate Mary Lou Garcia and against the Orlando Lopez faction.  To support such a cause of action, he had to present summary judgment evidence that SBCISD decision makers knew of his political activity.  He failed to do so, undermining his claim.

## II. Conclusion

For the reasons indicated in this Order, the Court **OVERRULES** Garcia's objections.  As to the portions of the Report and Recommendation to which Garcia does not object, the Court finds no plain error.

The Court **ADOPTS** the Report and Recommendation (Doc. 41).  It is:

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED**;

**ORDERED** that Plaintiff Jack Garcia's claims against Defendant San Benito Consolidated Independent School District are **DISMISSED WITH PREJUDICE**.

Signed on April 18, 2023.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge